USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

Adam Katrincic,

                Plaintiff(s),

            -v-

Moonstar Logistics, et al.,

                       Defendant(s).

-------------------------------------------------------------------- X

LORNA G.
SCHOFIELD, United
States District Judge:

19 Civ. 8733 (LGS)
AMENDED
CIVIL CASE
MANAGEMENT
PLAN AND
SCHEDULING
ORDER

The below GRANTS
the parties' joint
request for discovery
extensions.  No
further extensions
absent extraordinary
circumstances.

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __**X**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have __**X**___ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

     a.     An employment case governed by the Initial Discovery Protocols for Employment cases?  https://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes _____ / No __**X**__]

     b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://www.nysd.uscourts.gov/docs/mediation/Local%20Civil%20Rule%2083.10. Final.pdf . [Yes _____ / No __**X**__]

     c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf and https://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1491 [Yes _____ / No ___**X**___]

Revised May 16, 2018

d.  A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
https://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1492 [Yes _____/No __**X**__]

4.  Alternative Dispute Resolution/Settlement

a.  Settlement discussions [have _____ / have not __**X**__] taken place.

b.  Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

_____
_____
_____

c.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
If parties seek a referral for a settlement conference before the Magistrate Judge, they shall request a referral at least two months in advance of when they'd like the conference.

d.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

_____
_____
_____

e.  **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.  No additional parties may be joined after __**12/26/19**__ without leave of Court.

6.  Amended pleadings may be filed without leave of Court until __**12/26/19**__.

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __**12/10/19**__ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.  Fact Discovery

10315036v.1

4/27/2020

a.    All fact discovery shall be completed no later than _____XX/XX/XX_____, *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by _____**12/15/19**_____.

c.    Responsive documents shall be produced by ____**1/5/20**____.
Do the parties anticipate e-discovery? [Yes _____ / No **X** ]

The parties may mutually determine the deadlines for items 8.b-8.f, provided they complete all fact discovery by April 27, 2020.

d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by _____**12/15/19**_____.

e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____**2/26/20**_____.

f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____**1/15/20**_____.

g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.    Expert Discovery [if applicable]

a.    Anticipated types of experts if any:
      **Accident Reconstructionist**
      **Biomechanical Engineer**
      **Medical Doctors**

b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ____XXXX/XX/XXXX  6/15/2020
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

c.    By **2/26/20** ____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    This case [is **X** / is not _____] to be tried to a jury.

3

10315036v.1

11. Counsel for the parties have conferred and their present best estimate of the length of trial is   **4-5 days**          .

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

   **Motion for a Protective Order to Delay Production of Surveillance Video**

   _____
   _____
   _____
   _____
   _____
   _____

13. Status Letters and Conferences

   a. By   **1/22/20**      *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

   b. By   XXXXXXXX   5/11/2020   *[14 days after the close of fact discovery]*, the parties submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On   XXXXXX   at   XXXXXXXX   XXXXXXXXXXXXXXXXXX   6/30/2020 at 10:30 a.m. *[usually 14 days after the close of discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

      i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

      ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parities will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

10315036v.1

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

As discussed at the November 26, 2019, conference, Defendants' Motion for a Protective Order is due December 20, 2019; the response is due January 23, 2020; and the reply is due February 5, 2020. If Plaintiff has not already, Plaintiff shall provide Defendants the medical records authorizations.
SO ORDERED.

Dated: February 24, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

Stavros E. Sitinas, LLC
*Attorneys for Plaintiff*

Wilson Elser Moskowitz Edelman &
Dicker LLP
*Attorneys for Defendants*

Stavros E. Sitinas, Esq. (SS-8960)
44 Madison Ave., 4th Floor
New York, NY 10022
(212) 539-1800

Jennifer M. Provost, Esq. (JP-7175)
150 E 42nd Street
New York, NY 10017-5639
(212) 915-5298
File No. 00295.12635

5