```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
------------------------------------------------------X   ELECTRONICALLY FILED
                                                  :   DOC #:_____
ADAM KATRINIC,                                    :   DATE FILED: 2/25/2020
                         Plaintiff,               :
                                                  :   19 Civ. 8733 (LGS)
            -against-                             :
                                                  :   ORDER
MOONSTAR LOGISTICS, LLC, ET AL.,                  :
                                                  :
                         Defendants.              :
------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff brings this action against Defendants -- a truck driver and the company to which the truck is registered -- over an alleged vehicle accident caused by Defendants which left Plaintiff with severe injuries. After the accident, Defendants' investigators conducted surveillance of Plaintiff, and created a video and reports;

WHEREAS, in a December 12, 2012, letter and a February 1, 2020, reply letter, Defendants request a protective order under Federal Rule of Civil Procedure 26(c): (1) to delay production of the post-accident surveillance video until after Plaintiff's deposition, so that Plaintiff does not tailor his deposition testimony to the video, and (2) to shield production of the investigators' reports, over which Defendants claim work product privilege. Alternatively, Defendants ask that the Court review the video *in camera* to determine whether a protective order is warranted;

WHEREAS, in a January 23, 2020, opposition letter, Plaintiff argues that Defendants have failed to establish the required good cause under Rule 26(c) to justify a delay in producing the video. Plaintiff argues that, because there is no indication that he would tailor his testimony, the default standard that parties must produce all relevant materials for their claims and defenses

applies. Regarding the investigators' reports, Plaintiff states that he "does not oppose Defendants' motion seeking to withhold reports . . . based upon counsel's representation that such reports were prepared after the commencement of litigation at counsel's behest." Plaintiff asks, however, to "reserve the right to seek such reports in the event Defendants were to call their investigators as witnesses at trial to offer more than mere foundational testimony;"

WHEREAS, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A court may issue a protective order to limit discovery under Rule 26(c)(1). *See Condit v. Dunne*, 225 F.R.D. 113, 115 (S.D.N.Y. 2004) ("Under this Rule, the burden is on movant to show good cause" for the protective order). A trial court has "wide discretion in its handling of pre-trial discovery," *In re Speer*, 754 Fed. App'x 62, 63 (2d Cir. 2019) (summary order) (internal quotation marks omitted), including for the timing of production. *See* Fed. R. Civ. P. 16(c)(2)(F). It is hereby

**ORDERED** that this Court is persuaded that a protective order, delaying production of the surveillance video until after Plaintiff's deposition, strikes an appropriate balance between the parties' interests. This relief preserves for Defendants the value of the videotape for impeachment purposes, and provides to Plaintiff relevant discovery well in advance of trial. *Accord Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18 Civ. 2000, 2019 WL 3852590, at *3 (D. Conn. Aug. 16, 2019) (entering protective order delaying production of surveillance video until after deposition to decrease risk of Plaintiff tailoring her deposition); *McQueen v. Huddleston*, No. 13 Civ. 302, 2015 WL 3746733, at *5 (W.D.N.Y. 2015) (same as to audio recording); *Poppo v. AON Risk Servs., Inc.*, No. 00 Civ. 4165, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000) (collecting cases and stating, "Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses

from tailoring their testimony to conform with their prior recorded statements or actions."); *see also* 8 Fed. Prac. & Proc. Civ. § 2015, Matters Useful for Impeachment (3d ed.).

In sum, it is **ORDERED** that Defendants' motion for a protective order to delay production of the post-accident surveillance video until after Plaintiff's deposition is **GRANTED**. Defendants shall produce the video tape no later than seven days after the conclusion of the deposition. Because Plaintiff states that he does not seek the investigators' reports at this time, Defendants' motion for protective order regarding the investigators' reports is **DENIED** as moot.

The Clerk of Court is respectfully directed to close Dkt. Nos. 16 and 24.

Dated: February 25, 2020
   New York, New York

               **LORNA G. SCHOFIELD**
               **UNITED STATES DISTRICT JUDGE**